Kenneth W. Pennington, Esquire
PA Bar No. 68353
LATONA LAW, P.C.
Arena Hub Business Complex
Suite 102
275 Mundy Street
Wilkes-Barre, PA 18702
P (570) 825-9000
F (570) 822-5169
kwp@latonalaw.com
Attorneys for Plaintiff

Jorge M. Pereira, Esquire
PA Bar No. 75242
The Law of Business, P.C.
101 North Cedar Crest Boulevard
Allentown, PA 18104
P (610) 434-0504
F (610) 434-0538
Jmpereira@marinoslaw.com
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Stephen Czankner** | : | **CASE NO. 3:12-cv-02430-EMK** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JUDGE KOSIK** |
| | : | |
| **The Law Of Business, P.C.** | : | |
| | : | |
| Defendant. | : | |

_____

**JOINT CASE MANAGEMENT PLAN**

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 12/09)

1. **Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
    By plaintiff(s):

**Defendant's letter to Plaintiff contained false and deceptive statements, and was a deceptive attempt to obtain payment from Plaintiff, by creating the false impression that Plaintiff would lose all of his property if he did not pay the amount requested by the artificial deadline established by Defendant.**

    By defendant(s):

**On behalf of Plaintiff's client, Cavalry SPV I, LLC, a magisterial judgment was entered against Defendant on March 29, 2012 in the amount of $5,415.24.  On October 11, 2012, the magesterial judgment was entered in the Court of Common Pleas of Lackawaana County, Pennsylvania, docket no. 12 cv 6056.  On October 22, 2012, a letter was sent from Defendant's office to Plaintiff advising Plaintiff that judgment had been entered against him in the Court of Common Pleas Lackawanna County,**

**Pennsylvania and advising Defendant of legal consequences to his real and personal property in the form of levy, liens and execution unless payment was made of the judgment amount.   Plaintiff never contacted Defendant in response to the October 22, 2012 letter.**

  1.2 **The facts the parties <u>dispute</u> are as follows:**

   **Defendant, The Law Of Business, P.C.  is a collector engaged in the business of collecting debts in this state.**

   **The Defendant regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.**

   **The only real property located in Lackawanna County, in which Plaintiff has an ownership interest is the home located at 515 Park Street in Moosic, which is owned by judgment defendant and his wife, as tenants by the entireties.**

   **There is no lien against any of Plaintiff's property.**

   **The judgment referenced in Defendant's letter to Plaintiff did not create a lien against any of Plaintiff's property.**

   **The statement referenced in paragraph 16 of Plaintiff's Complaint suggests that a lien against Plaintiff's property exists.**

   **The statement referenced in paragraph 16 of Plaintiff's Complaint is false.**

   **Defendant has no authority or intent to levy against or sell all of Plaintiff's personal property.**

   <u>agree</u> **upon are as follows:**

   **Plaintiff, Stephen Czankner, is a natural person residing at 515 Park Street, Moosic, Lackawanna County, Pennsylvania 18507.**

**Defendant, The Law Of Business, P.C. is a professional corporation with a place of business located at 101 North Cedar Crest Blvd., Allentown, PA 18104.**

**On October 22, 2012, the Defendant sent a letter to Plaintiff, attempting to collect an alleged account ("the Account") from Plaintiff.**

**On October 22, 2012, a letter was sent from Defendant's office to Plaintiff advising Plaintiff that judgment had been entered against him in the Court of Common Pleas Lackawanna County, Pennsylvania and advising Defendant of legal consequences to his real and personal property in the form of levy, liens and execution unless payment was made of the judgment amount.**

**A true and correct copy of the Letter is attached to Plaintiff's Complaint as Exhibit A (Redacted).**

**The Letter was an attempt to collect the Account.**

**The Letter contained the statement "As you know, judgment was obtained against you in the Court of Common Pleas, which has created a lien against your property".**

**The Letter contained the statement "We will instruct the sheriff to perform a levy on all of your personal property, and post a sale date".**

**The Letter contained the statement "If you fail to pay $5665.13 or make satisfactory payment arrangements, you will incur additional costs and you may lose your property".**

**The judgment against Plaintiff in the statement referenced in Defendant's letter to Plaintiff was recorded in Lackawanna County.**

**The judgment against Plaintiff is against only Stephen J. Czankner.**

**The Letter is totally devoid of any mention of exemptions available to Plaintiff.**

1.3  The legal issues the parties <u>dispute</u> are as follows:

**Defendant is a "debt collector" as defined by the Act, 15 U.S.C. 1692a(6).**

**The statement referenced in paragraph 16 of Plaintiff's Complaint is deceptive.**

**The statement referenced in paragraph 16 of Plaintiff's Complaint is deceptive, in that it suggests that a lien against Plaintiff's property exists, when in fact there is no lien against his property.**

**Defendant cannot levy against and sell all of Plaintiff's personal property.**

**The statements referenced in paragraphs 17 and 18 of Plaintiff's Complaint are deceptive, in that they falsely imply that Defendant can levy against and sell all of Plaintiff's personal property.**

**The statements referenced in paragraphs 17 and 18 of Plaintiff's Complaint are false threats to levy against and sell all of Plaintiff's personal property.**

**The statements referenced in paragraphs 16, 17 and 18 of Plaintiff's Complaint violated 15 U.S.C. 1692e(10).**

**The statements referenced in paragraphs 17 and 18 of Plaintiff's Complaint violated 15 U.S.C. 1692e(4).**

**The statements referenced in paragraphs 17 and 18 of Plaintiff's Complaint violated 15 U.S.C. 1692e(5).**

**The Letter was deceptive.**

**The Letter created the impression that Plaintiff would lose all of his property if he did not pay the amount requested.**

**The Letter, taken as a whole, is a deceptive attempt to obtain payment from Plaintiff, by creating the false impression that Plaintiff will lose all of his property if he does not pay the amount requested by the artificial deadline established by Defendant.**

agree upon are as follows:

**The Account is a "debt" as that term is defined by the Act, 15 U.S.C. 1692a(5).**

**In Pennsylvania, a judgment does not create a lien against personal property.**

**In Pennsylvania, a judgment does create a lien against real property owned by the judgment defendant (Plaintiff), which is located in the county where the judgment is recorded.**

**The Letter was an attempt to obtain payment from Plaintiff.**

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**NONE.**

1.5   Identify any named parties that have not yet been served:

**NONE.**

1.6   Identify any additional parties that:

plaintiff(s) intends to join:

**NONE.**

defendant(s) intends to join:

**NONE.**

1.7   Identify any additional claims that:

plaintiff(s) intends to add:

**NONE.**

defendant(s) intends to add:

**NONE.**

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by PLAINTIFF:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| **Stephen Czankner** | **Plaintiff** |

Disclosed by DEFENDANT:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Douglas M. Marinos, Esquire | Principal of Defendant |

Stephanie Wentzel          Paralegal of Defendant

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>          <u>Moving Party</u>     <u>Anticipated Filing Date</u>

**NONE.**

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):     **NONE.**

By defendant(s):   **NONE.**

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**In addition to written discovery requests, Plaintiff intends to depose Defendant's Designee, pursuant to FRCP 30(b)(6), regarding the allegations in Plaintiff's Complaint, the answers and affirmative defenses**

>    **asserted in Defendant's Answer, Defendant's training, education, practices, policies, regarding compliance with the FDCPA, the basis for Defendant's assertion of the bona fide error affirmative defense, prior allegations and/or findings of violations of the FDCPA by Defendant, any investigation performed by Defendant prior to sending this letter, and the use of this form letter generally by Defendant.**
>
>    **In addition to written discovery requests, Defendant intends to depose Plaintiff, to determine the validity of the allegations in the Complaint.**

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

   **NONE.**

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

   **NONE.**

4.5   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits     recommended by plaintiff(s) and by defendant(s)):

   4.5.1  depositions (excluding experts) to be taken by:

   plaintiff(s): **3**         defendant(s): **3**

   4.5.2  interrogatories to be served by:

       plaintiff(s): **50**       defendant(s): **50**

    4.5.3  document production requests to be served by:

       plaintiff(s): **25**       defendant(s): **25**

    4.5.4  requests for admission to be served by:

       plaintiff(s): **25**       defendant(s): **25**

  4.6    Discovery of Electronically Stored Information

       Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

       **NONE.**

**5.0**  **Protective Order**

  5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

       **NONE.**

  5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0**  **Scheduling**

  6.1    Final date for joining additional parties:

      **01/11/13** Plaintiff

      **01/11/13**  Defendants

6.2    Final date for amending pleadings:

      **01/11/13**  Plaintiff

      **01/11/13**  Defendants

6.3    All fact discovery commenced in time to be completed by:

      **04/12/13**

6.4    All potentially dispositive motions should be filed by:

      **04/26/13**

6.5    Reports from retained experts due:

      from plaintiff(s) by **NONE.**

      from defendant(s) by **NONE.**

6.6    Supplementations due

6.7    All expert discovery commenced in time to be completed by

6.8    This case may be appropriate for trial in approximately:

      **X** 240 Days from the filing of the action in this court

      __ 365 Days from the filing of the action in this court

      __ Days from the filing of the action in this court

6.9    Suggested Date for the final Pretrial Conference:

      **06/2013** (month/year)

6.10   Trial

    6.10.1   Suggested Date for Trial:

    **07/2013** (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.


    Stephen Czankner-Plaintiff
    515 Park Street
    Moosic, PA 18507
    (570) 983-0590


Douglas M. Marinos, Esquire
Name

Principal owner of defendant
Title

101 North Cedar Crest Blvd, Allentown, PA 18104
Address

(610) 434-0504  Daytime Telephone

## 8.0   Alternative Dispute Resolution ("ADR")

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    ADR procedure

   Date ADR to be commenced
   Date ADR to be completed

 8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

 8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

**NO**.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   ___ Scranton/Wilkes-Barre
   ___ Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in

accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: December 19, 2012

       s/Kenneth W. Pennington   ..................
       Kenneth W. Pennington, Esquire
       PA Bar No. 68353
       LATONA LAW, P.C.
       Arena Hub Business Complex
       Suite 102
       275 Mundy Street
       Wilkes-Barre, PA 18702
       P (570) 825-9000
       F (570) 822-5169
       kwp@latonalaw.com
       Attorneys for Plaintiff
       Registered ECF User

Dated: December 19, 2012

                s/Jorge M. Pereira
                Jorge M. Pereira, Esquire
                PA Bar No. 75242
                The Law of Business, P.C.
                101 North Cedar Crest Boulevard
                Allentown, PA 18104
                P (610) 434-0504
                F (610) 434-0538
                Jmpereira@marinoslaw.com
                Attorneys for Defendant

- G    ECF User(s)
- G    Waiver requested (as separate document)
- G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.